UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DANIEL STORM,** | ) | Case No. 4:08 CV 1690 |
| Plaintiff, | ) | |
| | ) | Judge Peter C. Economus |
| | ) | |
| vs. | ) | INTERIM |
| | ) | REPORT AND RECOMMENDATION |
| | ) | OF MAGISTRATE JUDGE |
| **BUREAU OF PRISONS**, et al., | ) | (Regarding ECF # 11) |
| Defendants. | ) | |
| | ) | Magistrate Judge James S. Gallas |
| | ) | |

Plaintiff  Daniel Storm an inmate at FCI-Elkton appearing *pro se* seeks compensation for the

$253.00 loss of his personal property at the hands of  Federal Bureau of Prisons employees. Defendants

do not deny this allegation, but instead move to dismiss the complaint under FED. R. CIV. P. 12(b)(1)

for lack of subject matter jurisdiction.


**Motion to Dismiss Standard:**

Motions to dismiss for lack of subject matter jurisdiction either challenge the facial sufficiency

of the allegations of the complaint or the factual basis for jurisdiction. See *DLX, Inc. v. Kentucky*, 381

F.3d 511, 516 (6th Cir. 2004), *cert. denied*, 544 U.S. 961 (2005); *Gentek Bldg Products, Inc. v. Steel Peel*

*Litigation Trust,*  491 F.3d 320, 330 (6th Cir. 2007). When the factual basis for jurisdiction is in issue, the

court is not restricted to the allegations in the complaint and may consider affidavits, documents and even

conduct a limited evidentiary hearing to resolve disputed jurisdictional facts. See *Kroll v. U.S.*, 58 F.3d

1087, 1093 n. 9 (6th Cir. 1995)(citing *Ohio Nat'l Life Ins. Co. v. U.S.*, 922 F.2d 320, 325 (6th Cir. 1990));

*Gentek Bldg. Prods. ,Inc. v. Steel Peel Litigation Trust*, 491 F.3d at 330.  However, when the challenge

is merely to the sufficiency of the allegations to establish subject matter jurisdiction, then the well-pleaded

4:08 CV 1690                                  2

allegations are taken as true, as is the case with Rule 12(b)(6) motions to dismiss. See *O'Bryan v. Holy See*, 556 F.3d 361, 376 (6th Cir. 2009)(citing *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005));[1] *Gentek*, 491 F.3d at 330; *RMI Titanium Co. v. Westinghouse*, 78 F.3d 1125, 1134 (6th Cir. 1996). "As a general rule a claim cannot be dismissed for lack of subject-matter jurisdiction because of the absence of a federal cause of action." *Gentek*, 491 F.3d at 330 (quoting *Williamson v. Tucker*, 645 F.2d 404, 415-16 (5th Cir 1981)). The court delves into a factual inquiry " only when the facts necessary to sustain jurisdiction do not implicate the merits of the plaintiff's claim." *Gentek*, 491 F.3d at 330 (citing *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir.1997)). However, if there is any question or uncertainty whether or not subject matter jurisdiction is present the motion to dismiss under Rule 12(b)(1) is denied and "the defendant is forced to proceed under Rule 12(b)(6) ... or Rule 56 ... both of which place greater restrictions on the district court's discretion...." *Gentek*, 491 F.3d at 330 (quoting *Williamson*, 645 F.2d at 415-16). Plaintiff's burden is not onerous and need only show that the complaint alleges a claim under federal law and that the claim is substantial or non-frivolous. *Musson Theatrical, Inc., v. Federal Exp. Corp.*, 89 F.3d 1244, 1247 (6th Cir. 1996).

Defendants present their motion to dismiss as a factual attack with lengthy exhibits documenting Storms' incarceration history, the administrative progress of his claim for personal property loss, and with sworn declarations. (See Motion to Dismiss and Exhibits, ECF ## 11 to 11-8). However, their argument does not challenge the factual allegations of the complaint and thus presents only a challenge to its facial

---

[1] "To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). Nonetheless, conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss. *Jackson v. Heh*, 215 F.3d 1326 (Table), 2000 WL 761807 at *2 (6th Cir.2000) (citing *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir.1995))."

*Mezibov v. Allen*, 411 F.3d at 716.

4:08 CV 1690                                        3

sufficiency. As a result, the court is restricted to the face of the complaint itself in assessing whether it

sets forth sufficient allegations to establish subject matter jurisdiction.


**Storm's Complaint:**

The complaint states that it is brought under the Federal Court Claims Act (FTCA) referring to

28 U.S. C. §2671, *et seq*. In his complaiont Storm accuses Heidi Swiger and Lt. Jackson, both employees

of the Federal Bureau of Prisons, of taking possession of his personal property on March 2, 2007, when

Storm was placed in administrative segregation at the special housing unit of FCI-Elkton. He claims that

Ms. Swiger  inventoried his property on Form 40, which she then transmitted with the property to Lt.

Jackson "who was charged with the care, custody and control."  When Strom was released from the

special housing unit on August 13, 2007, he was informed by Lt. Jackson that Storm's property had been

given away to other prisoners.  Storm alleges exhaustion of administrative remedies with the filing of his

"administrative tort claim" and the administrative  denial of his claim on June 13, 2008.[2] He divides his

complaint into three causes of action. First, he claims breach of duty of care and failure to follow policy.

Second, he claims failure to follow procedures. His final claim is  negligence and deliberate indifference

to his property rights.

---

[2] Defendants concede that Storm has exhausted his administrative remedies with the Bureau of Prisons prior to filing his complaint under the  FTCA, which dually satisfied the exhaustion requirement under the Prison Litigation Reform Act ( See 42 U.S.C. § 1997e(a); *Macias v. Zenk*, 495 F.3d 37 (2nd Cir. 2007); *Taylor v. U.S.*, 161 Fed. Appx. 483, 486 (6th Cir. Dec. 21, 2005)), and the exhaustion requirement under the FTCA (See 28 U.S.C. § 2675(a); *McNeil v. U.S.*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993)).

4:08 CV 1690                                    4

**Transfer under 28 U.S.C. §1631:**

Storm initially filed this complaint with the United States Court of Claims, which dismissed it on July 9, 2008 and transferred it to this district court after finding *sua sponte* that it lacked subject matter jurisdiction over Storm's claims. (See Order in *Storm v. U.S.*, No. 08-482C (Ct. Cl. Jul 9, 2008, ECF #4)). The Court of Claims in recognizing its limited jurisdiction examined Storms' claims under the Tucker Act's (28 U.S.C. §1491) authorization for jurisdiction over express or implied contracts with the United States or over claims founded upon the Constitution or Act of Congress. The U.S. Court of Claims found Storm's claims did not relate to any statute, regulation, or constitutional provision mandating payment of money or breach of contract with the United States. Next with respect to Storm's reliance on the FTCA, that court dismissed the FTCA claims due to the district court's exclusive jurisdiction under 28 U.S.C.§1346(b)(1), and transferred this matter to the Northern District of Ohio. [3]

**Facial Sufficiency of the Complaint:**

Storm's complaint states that his claims are brought under the FTCA. "The [FTCA] is a limited waiver of sovereign immunity, making the Federal Government liable for the same extent as a private party for certain torts of federal employees acting within the scope of their employment." *U.S. v. Orleans*, 425 U.S. 807, 813, 96 S.Ct. 1971, 1975, 48 L.Ed.2d 390 (1976); and see 28 U.S.C. §1346(b). Congress carved out several exclusions, however, from the waiver of sovereign immunity for torts committed by federal employees, and these are listed under 28 U.S.C. §2680(a) through (n).

---

[3]  Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have *exclusive* jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred (emphasis supplied).

28 U.S.C.A. § 1346(b)(1).

4:08 CV 1690                              5

Among those exclusions, and pertinent to Storm's claim for loss of his property, is §2680(c)'s

exclusion of "[a]ny claims arising in respect of the assessment of collection of any tax or customs duty,

or the **detention of any property** by any officer of customs or excise or any other law enforcement officer

(emphasis supplied) [.]" The Supreme Court in *Ali v. Federal Bureau of Prisons*, 552 U.S. -, 128 S.Ct.

831, 169 L.Ed.2d 680 (2008), reversed *Kurinsky v. U.S.*, 33 F.3d 594 (6th Cir. 1994), and several other

circuit court decisions to hold that Bureau of Prisons officers were "law enforcement officers" under the

foregoing exception. Under the Supreme Court's broad construction of §2680(c), the waiver of the federal

government's sovereign immunity under other parts of the FTCA was excluded, so a prison inmate could

not recover under the FTCA for the loss of his property at the hands of prison employees. Defendants

correctly  argue for dismissal because Storm's claim under the FTCA is barred by sovereign immunity

under §2680(c).


***Storm's counter-arguments:***

*Intentional Conduct.*

Storm begins his arguments claiming that *Ali* is distinguishable since it involved negligent

handling of a prisoner's property, whereas negligence is not a factor in his case since the prison employees

acted with "deliberate indifference." He proceeds to argue that Ms. Swiger and Lt. Jackson intentionally

conspired to destroy his property.


The term "deliberate indifference" is equated with willful and wanton behavior or a "heightened"

standard surpassing negligence. See *Town of Castle Rock, Colo. v. Gonzales,* 545 U.S. 748, 769 n.15, 125

S.Ct. 2796, 2810 n.15, 162 L.Ed.2d 658 (2005)(equated with willful and wanton); *Correctional Services*

*Corp. v. Malesko,* 534 U.S. 61, 73, 122 S.Ct. 515, 523, 151 L.Ed.2d 456 (2001)(citing *Farmer v. Brennan,*

4:08 CV 1690                                        6

511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994) ("[D]eliberate indifference describes a state

of mind more blameworthy than negligence")). Storm's alleged intentional deprivation, though, is not an

exception to the bar posed by sovereign immunity to claims concerning the detention of property by

government officials under§2680(c). See *Jeanmarie v. U.S.*, 242 F.3d 600 (5th Cir. 2001)(the waiver of

immunity for tortious conduct in §2680(h) applies only to conduct not involving the seizure an detention

of goods)(citing *Gasho v. U.S.*, 39 F.3d 1420, 1433-34 (9th Cir. 1994)); and see *Capozzoli v. Tracey*, 663

F.2d 654, 658 (5th Cir. 1981)("Section 2680(c) has been interpreted broadly by the courts to preclude suits

for damages arising out of the allegedly tortious activities of IRS agents when those activities were in any

way related to the agents' official duties."). The exclusion from the general waiver of sovereign immunity

applies to negligent and intentional conduct of U.S. law enforcement officers including prison officers.


*Administrative Due Process and Civil Asset Forfeiture:*

        Storm contends that 28 C.F.R. §553.13 sets out the proper method for seizure of property as

contraband, and this procedure was not followed, and he points to the amendment of §2680(c) by the Civil

Asset Forfeiture Act of 2000. Storm, though, did not allege in his complaint that his property was deemed

to be contraband slated for destruction.  As for the 2000 amendment, it is only invoked when "the

property was seized for the purpose of forfeiture under any provision of Federal law providing for

forfeiture of property other than as a sentence imposed upon conviction of a criminal offense." See 28

U.S.C. §2680(c)(1).  The complaint did not allege that Storms's property was seized for the purpose of

forfeiture pursuant to Federal law.  These provisions have no application to Storm's allegation in his

complaint.

4:08 CV 1690                                   7

*Loss versus "detention":*

Storm also appears to question the application of §2680(c)'s "the detention of any property" clause to his facts. He alleges that Lt. Jackson had given his things away to other prisoners. He believes that this was not a "detention" of his property.  Storm's reading of §2680(c) was notably followed in the Second, Fifth and Ninth Circuits, which held that negligent destruction or loss of property by government agents was not a "detention of any property."  See *Alliance Assur. Co., v. U.S.*, 252 F.2nd 529 (2nd 1958); *A-Mark, Inc., v. U.S. Secret Service Dept. of Treasury*, 593 F.2d 849 (9th Cir. 1978); *A&D International, Inc., v. U.S.*, 665 F.2d 669 (5th  Cir. 1982). The Supreme Court, though, has the final word and it disagreed. The Supreme Court emphasized §2680(c)'s "arising in respect of" phrase to hold in *Kosak v. U.S.*, that "arising in respect of" meant any claim arising out of the detention of goods including claims resulting from negligent handling. *Id.*, 465 U.S. 848, 853-55, 104 S.Ct. 1519, 79 L.Ed.2d 860 (1984).  The reasoning of the Second, Fifth  and Ninth Circuits was specifically rejected. See *Kosak*, 465 U.S. at 851 n.5, 854-55.  Storm's complaint involves the loss of his property that had been detained by federal officials, hence his cause of action under the FTCA arose out of that detention of goods and is barred by sovereign immunity. As explained previously, Storm's allegation that the deprivation of property was intentional has no effect and does not survive this jurisdictional challenge. Storm's complaint does not state a claim under the FTCA, whether the detention of property was due to negligence or intentional.


*There must be a purpose for that Claim Form:*

Storm contends that he filed his claim form and exhausted his administrative remedies as legally required, so there must be some purpose for this exercise.  No doubt the defendants' arguments make these proceedings  appear as bizarre as Franz Kafka's *The Trial* or as odd as the world on the other side

4:08 CV 1690                                                8

of Alice's looking glass. Storm files his claim on the prescribed form, his claim is denied, and the June

13, 2008 notice of final denial from the Federal Bureau of Prisons stated:

> If you are dissatisfied with this decision, you may bring an action against the United States
> in an appropriate United States District Court within six (6) months of the date of this
> memorandum. (ECF # 11-6)

> As the statute of limitation for the FTCA provides:

> A tort claim against the United States shall be forever barred unless it is presented in
> writing to the appropriate Federal agency within two years after such claim accrues or
> *unless action is begun within six months after the date of mailing, by certified or
> registered mail, of notice of final denial of the claim by the agency to which it was
> presented* (emphasis supplied).

> 28 U.S.C.A. § 2401(b).

The language in the notice of final denial neatly dovetails with the FTCA's statute of limitations, and

certainly would be reasonably interpreted to indicate to the reader that any cause of action lies under the

FTCA.


Storm filed his timely complaint incorrectly with the U.S. Court of Claims asserting jurisdiction

under the FTCA. That court then transferred the complaint to this district court under the implicit

assumption that this was the court where jurisdiction rested for Storm's FTCA claim. If the district court

lacked jurisdiction, no transfer would have been made since the very purpose of 28 U.S.C. §1631 is to

preserve jurisdiction, and the U.S. Court of Claims will deny transfer where the district court lacks

jurisdiction so transfer would be futile. E.g., *Little River Lumber Co., v. U.S.,* 7 Cl. Ct. 492, 494 (1985);

*Schnelle v. U.S.,* 69 Fed. Cl. 463, 467 (2006). The governing principle for the U.S. Court of Claims is,

"[t]he statute requires the transferor court to determine both that it lacks jurisdiction and that the

transferee court possesses jurisdiction." *Fisherman's Harvest, Inc. v. PBS & J,* 490 F.3d 1371, 1374 (Fed.

4:08 CV 1690                              9

Cir. 2007)(citing *United States v. County of Cook, Ill.*, 170 F.3d 1084, 1087 (Fed. Cir.1999); *James v.*

*Caldera*, 159 F.3d 573, 578 (Fed. Cir.1998)). " A case may be transferred under section 1631 only to a

court that has subject matter jurisdiction." *Jan's Helicopter Service, Inc. v. F.A.A.*, 625 F3d 1299, 1303

(Fed. Cir. 2008).[4] However, defendants are correct in their argument based on *Ali*, that this court lacks

subject matter jurisdiction over Storm's complaint under the FTCA, and *Ali* was governing law at the time

the complaint was filed. This indeed appears to put an end to Storm's complaint and place federal

administrative and legal procedures in an absurd posture.


However, just because there is no recourse under the FTCA does not mean that no plausible legal

remedy exists.  There are other avenues of relief potentially available to Storm, beginning with a *Bivens*

action brought by a federal inmate due to the intentional destruction of personal property.[5] In *Hudson v.*

*Palmer*, a state prisoner argued that the intentional deprivation of property by a prison guard violated

Fourteenth Amendment due process  protections. *Id.*, 468 U.S. 517, 104 S.Ct. 3194, 82 L.Ed.2d 393

(1984). The Supreme Court did not disagree, but held that there was no violation of procedural due

process when the state provided a meaningful post-deprivation remedy for the loss. See *Hudson*, 468 U.S.

at 531-533. Compare *Daniels v. Williams*, 474 U.S. 327, 330-331, 106 S.Ct. 662, 664, 88 L.Ed.2d  662

(1986)(negligent deprivation of property at the hands of a state actor does not constitute a Fourteenth

Amendment violation). Such claims by federal prisoners previously have been rejected in the Sixth

---

[4]   This case is not governed by the U.S. Court of Claims' unfairness principle where defendant "whipsaws an opponent" with inconsistent litigation positions by claiming lack of subject matter jurisdiction in both District Court and the Court of Claims since the Court of Claims' dismissal was *sua sponte*. Compare *Drury v. U.S.* 52 Fed. Cl. 402, 406 (2002); *Phillips v. U.S.*, 77 Fed. Cl. 513, 521 (2007).

[5]   See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which held that federal officials could be sued for violating Constitutional rights of a person parallel to 42 U.S.C. §1983 although the federal officials were not "state actors."

4:08 CV 1690                                    10

Circuit under the assumption that a post-deprivation remedy existed under the FTCA. See *Stiger v.
O'Neill*, 53 Fed. Appx. 738, 740 (6th Cir. Dec. 6, 2002); *McNeair v. Snyder*, 7 Fed. Appx. 317, 319 (6th
Cir. Feb. 5, 2001).[6] Since the Supreme Court's decision in *Ali*, the underlying assumption that a prisoner
has legal recourse is now incorrect. There is no post-deprivation remedy under the FTCA for Storm's
claim. Nonetheless, "[t]he Due Process Clause of the Fifth Amendment prohibits the United States, as
the Due Process Clause of the Fourteenth Amendment prohibits the States, from depriving any person of
property without 'due process of law.'" *Dusenbery v. U.S.*, 534 U.S. 161, 167, 122 S.Ct. 694, 699, 151
L.Ed.2d 597 (2002). Thus, plausible recourse can be had through an action against defendants for a
constitutional deprivation of property for which no post-deprivation remedy exists under the FTCA.[7] A
*Bivens* action may not be brought against a federal agency, though. See *Correctional Services Corp.*, 534
U.S. at 69; *F.D.I.C. v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994).

Next, Storm referred to Lt. Jackson's care, custody, and control, which could connote bailment.
Accordingly, there is potential legal recourse in U.S. District Court under the "Little Tucker Act" for
claims less than $10,000. See 28 U.S.C.§1346(a)(2); *Belton v. U.S.*, 2008 WL 2273272, *8 (E.D. Wis.);
and see *Kosak v. U. S.* 465 U.S. 848, 860 n.22, 104 S.Ct. 1519, 79 L.Ed.2d 860(1984)(denying FTCA
claim due to sovereign immunity conferred by §2680(c) but leaving open recovery under implied contract
for bailment). This statute confers jurisdiction to the District Courts like that under the Tucker Act for

---

[6] "As a federal prisoner asserting that federal employees destroyed his property, McNeair's post-deprivation remedy
lies with the FTCA. See 28 U.S.C. §§ 1346(b), 2674. McNeair did in fact file a FTCA claim and did not show that the remedy
was inadequate. See *Hudson*, 468 U.S. at 531-33, 104 S.Ct. 3194; *Vicory* [*v. Walton*, 721 F.2d [1062] at 1066 [(6th Cir.
1983)]." *McNeair v. Snyder* 7 Fed. Appx. at 319.

[7] It is unlikely that Storm has a claim under the Fifth Amendment's takings clause because the government did not
put his property to public use. See *Paalan v. U.S.*, 51 Fed. Cl. 738, 751 (2002)(Federal officers who seized plaintiff's property
as evidence but lost it, did not intend to put property to public use); Compare *Schneider v. California Dept. of Corrections*,
151 F.3d 1194 (9th Cir. 1998)(Fifth Amendment taking occurred when state reallocated interest income (which is a
fundamental property right) from inmate trust accounts to state inmate welfare fund).

4:08 CV 1690                                                      11

causes of action "founded either upon the Constitution, or any Act of Congress, or any regulation of an

executive department, or upon any express or implied contract with the United States[.]" [8] An "implied

in fact bailment contract" may have existed. See *Belton v. U.S.*, 2008 WL 2273272, *8; and see *Ysasi v.*

*Rivkind*, 856 F.2d 1520, 1525-26 (Fed. Cir. 1988); *Keifer & Keifer v. Reconstruction Finance Corp.*, 306

U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784 (1939)(Regional Agricultural Credit Corp. was not immune from

suit for negligence as a bailee of livestock ). The analysis of such claims is very fact intensive:

> "Tucker Act jurisdiction extends only to contracts either express or implied-in-fact, and
> not to claims on contracts implied in law." *Hercules Inc. v. United States*, 516 U.S. 417,
> 423, 116 S.Ct. 981, 134 L.Ed.2d 47 (1996); *Trauma Serv. Group v. United States*, 104
> F.3d 1321, 1324-25 (Fed.Cir.1997). . . . Whether a contract exists is a mixed question of
> law and fact. *Cienega Gardens v. United States*, 194 F.3d 1231, 1239 (Fed.Cir.1998). To
> prove that an implied-in-fact bailment contract exists, a claimant must show a "mutuality
> of intent to contract, offer and acceptance, and that the officer whose conduct is relied
> upon had actual authority to bind the government in contract." *H.F. Allen Orchards v.
> United States*, 749 F.2d 1571, 1575 (Fed.Cir.1984). For the United States to be bound by
> an implied-in-fact contract of bailment, there must be "a promise, representation or
> statement by any authorized government official" that the property would be returned.
> *Ysasi*, 856 F.2d at 1525.

> *Hoffmann v. U.S.*, 17 Fed.Appx. 980, 986 (Fed. Cir. August 16, 2001).

**Storms' Complaint is Insufficient:**

Dismissal for lack of subject-matter jurisdiction occurs "only when the claim is 'so insubstantial,

implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not

to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 89, 118

S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998)(quoting *Oneida Indian Nation of N.Y. v. County of Oneida*,

414 U.S. 661, 666, 94 S.Ct. 772, 777, 39 L.Ed.2d 73 (1974)). "[T]he party invoking federal jurisdiction

bears the burden of establishing its existence." *Steel Co.*, 523 U.S. at 104.   In light of *Kosak* and *Ali*,

---

[8] See *Conner v. West*, 56 Fed. Appx. 229 (6th Cir. Jan. 30, 2003).

4:08 CV 1690                                      12

Storm's claims under the FTCA are foreclosed and no federal controversy exists due to the retention of sovereign immunity by the United States for its officials under §2680(c). There is no subject matter jurisdiction under the FTCA.

Further, the well-pleaded facts in the complaint fail to allege a constitutional violation as required to sustain a *Bivens* claim and fail to allege a bailment in fact as required to sustain a contractual breach which is actionable under the "Little Tucker Act." It is Storm's burden of proving jurisdiction, which he has not carried by demonstrating any arguable basis in law for the claims set forth in the complaint. *See Musson Theatrical, Inc.*, 89 F.3d at 1248; *Ludwig v. Board of Trustees of Feris State Univ.*, 123 F.3d 404, 408 (6th Cir. 1997). However, his factual allegations may with a bit of tweaking with allegations of constitutional deprivation or breach of implied contract with the United States plausibly state a mater over which the District Court has jurisdiction.

## CONCLUSION AND RECOMMENDATION

Defendants' position is correct. As presently constituted Storm's complaint is facially insufficient to present a claim over which a United States District Court has subject matter jurisdiction. Accordingly, it is recommended that Storm amend his complaint within 30 days to include sufficient alternative allegations to provide a jurisdictional statement based on something other than the Federal Tort Claims Act. Otherwise, if Storm fails to amend with a sufficient jurisdictional statement, it is recommended that the complaint be dismissed without prejudice.

                                         s/James S. Gallas
                                   United States Magistrate Judge

4:08 CV 1690                                        13


*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court

within ten (10) days of mailing of this notice. Failure to file objections within the specified time

WAIVES the right to appeal the Magistrate Judge's recommendation. *See, United States v. Walters,* 638

F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).


DATED:  April 14, 2009