UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL STORM, | ) | CASE NO. 4:08CV1690 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| | ) | **REPORT & RECOMMENDATION** |
| BUREAU OF PRISONS, et al., | ) | **OF MAGISTRATE JUDGE** |
| | ) | |
| Defendants. | ) | |

The above case is before this Court on a motion for summary judgment filed by Bureau of Prisons ("BOP") employees Heide Swiger ("Defendant Swiger") and Raymond Jackson ("Defendant Jackson")(collectively "Defendants"). ECF Dkt. #41. Plaintiff Daniel Storm, a former prisoner at Elkton Federal Correctional Institution ("Elkton"), has filed a response to the motion for summary judgment and Defendants have filed a reply. ECF Dkt. #s 43, 44. For the following reasons, the undersigned recommends that the Court GRANT Defendants' motion for summary judgment and dismiss Plaintiff's original and first supplemental complaints in their entirety without prejudice. ECF Dkt. #41.

**I.    FACTS AND PROCEDURAL HISTORY**

On July 2, 2008, Plaintiff, then an inmate at Elkton, filed a pro se complaint[1] pursuant to the

---

[1] The complaint was originally filed in the United States Court of Federal Claims. ECF Dkt. #4. On July 9, 2008, the United States Court of Federal Claims transferred Plaintiff's complaint to this Court after Plaintiff had filed the complaint in that court and that court found that it had no jurisdiction over the claims presented in the lawsuit. *Id*.

1

Federal Tort Claims Act, 28 U.S.C. § 2671 alleging that on or about February 19, 2007, he was placed in administrative segregation at the Special Housing Unit ("SHU") at Elkton. ECF Dkt. #1 at 2. Plaintiff averred that on or about March 2, 2007, Defendant Swiger, a correctional counselor at Elkton, took some of his personal property and inventoried those items on a Form 40 inventory form under Plaintiff's name and prison number. *Id.* Plaintiff alleged that Defendant Swiger then transmitted those items to Defendant Jackson, a prison lieutenant at Elkton, who was charged with the care, custody and control of those items. *Id.* Plaintiff alleged that Defendant Jackson never completed a "confiscation form" which would have informed Plaintiff that Defendant Jackson had his property. *Id.* Plaintiff further averred that upon his release from SHU, he was given the Form 40 on August 13, 2007 which itemized his property and when he asked for return of his property, Defendant Jackson told him that he had given it away to other prisoners. *Id.* at 3.

Plaintiff averred in his complaint that he had exhausted his administrative remedies before initiating the instant action by filing an administrative tort claim with the BOP that was denied on June 13, 2008 and authorized him to bring the instant action. ECF Dkt. #1. Plaintiff alleged a breach of the duty of care regarding his personal property and intentional failure to follow BOP policy, a second failure to follow BOP policy which allowed Plaintiff to store his personal property in the designated storage area in SHU until his release, and negligence and deliberate indifference to his protected property rights. *Id.* at 3-5. Plaintiff requested compensatory damages in the amount of $253.00, costs and fees from the suit, and any further relief to which he was entitled. *Id.* at 5.

On January 23, 2009, Defendants filed a motion to dismiss Plaintiff's complaint against them. ECF Dkt. #11. On April 29, 2009, the Honorable Peter C. Economus adopted an Interim Report and

Recommendation ("First Interim R&R") from United States Magistrate Judge James Gallas recommending that Plaintiff be given time within which to amend his complaint to provide a jurisdictional statement based upon a theory other than the FTCA because Plaintiff's FTCA claim was barred by sovereign immunity. ECF Dkt. #16, adopting ECF Dkt. #15. The First Interim R&R explained that although the FTCA was a limited waiver of the federal government's sovereign immunity, Congress limited this waiver by enumerating exceptions to the FTCA's reach, one of which includes the "**detention of any property** by any officer or customs or excise or any other law enforcement officer." ECF Dkt. #15 at 5. The First Interim R&R cited to *Ali v. Federal Bureau of Prisons*, 552 U.S. 214, 128 S.Ct. 831, 169 L.E.2d 680 (2008), to find that Plaintiff's claims under the FTCA were barred by sovereign immunity under 28 U.S.C. § 2680(c). *Id.* Magistrate Judge Gallas outlined other potential avenues of relief for Plaintiff in the First Interim R&R, including an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971) or a Little Tucker Act claim pursuant to 28 U.S.C. § 1346(a)(2). *Id.*

In his April 29, 2009 Order adopting the First Interim R&R, Judge Economus held Defendants' motion to dismiss in abeyance and ordered Plaintiff file an amended complaint by May 29, 2009. ECF Dkt. #16.

On June 2, 2009, Plaintiff wrote a letter to the Court explaining that Elkton officials had given inmates a notice entitled "Important Notice to Inmates," a copy of which he enclosed, which explained that the Supreme Court's decision in *Ali* barred claims by inmates under the FTCA against BOP employees for the loss or damage of inmates' personal property. ECF Dkt. #17. The notice explained that inmates may file a claim for property damage or loss up to $1,000.00 by completing

Form BP-A0943, Small Claims for Property Damage or Loss, pursuant to 31 U.S.C. § 3723 or filing a letter with the relevant information for a claim. ECF Dkt. #17-1. The notice further explained that if a prisoner's claim is denied or he is otherwise dissatisfied, he may appeal to the BOP in writing for reconsideration, but he cannot file suit in United States District Court. *Id.* Plaintiff acknowledged in his letter to the Court that the *Ali* case impacted his ability to proceed on the claims in his complaint. ECF Dkt. #17 at 1.

On June 2, 2009, Magistrate Judge Gallas issued a Second Interim Report and Recommendation ("Second Interim R&R") acknowledging receipt of Plaintiff's letter and the inmate notice, but noting that Plaintiff did not indicate the avenue that he wished to pursue with regard to his pending claim of personal property loss. ECF Dkt. #18 at 1-2. Magistrate Judge Gallas therefore recommended that the Court allow Plaintiff to either amend his complaint within thirty days to include sufficient alternative allegations to the FTCA claims or to state that he elected to pursue a claim under the 31 U.S.C. § 3723 remedy for small claims. *Id*. Magistrate Judge Gallas further recommended that if Plaintiff did not pursue either course within thirty days, the Court should dismiss his complaint without prejudice. *Id*. at 3.

On June 15, 2009, Plaintiff filed a motion for leave in which to file a "first supplemental complaint." ECF Dkt. #19. In this motion, Plaintiff indicated that the first supplemental complaint "does not substantively alter the factual bases upon which this action is predicated. Rather, it delineates the implicit legal theories that the original Complaint set forth, after giving the Plaintiff a wider latitude under the teachings of Haines v. Kerner, 404 U.S. 25, and its progeny." *Id*. Plaintiff attached a copy of his "first supplemental complaint," which indicated that he was suing Defendants Swiger and Jackson in their individual and official capacities, "while acting under color of law or

4

right." ECF Dkt. #19-1. The footnote accompanying the capacities in which Plaintiff sued Defendants cited to *Bivens*. *Id.* at 1. He further averred that this Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1346(a)(2) and 42 U.S.C. §§ 1983 and 1985. *Id.* The first supplemental complaint set forth a fourth, fifth and sixth cause of action, and indicated that Plaintiff was reaffirming "each and every statement or allegation set forth" in his original complaint, "as incorporated herein and fully set forth hereat." *Id.* at 2, 3, 5. The Court granted Plaintiff's motion for leave. ECF Dkt. #18.

In his supplemental fourth cause of action, which Plaintiff labeled "(breach of fiduciary)," he alleged that "Title 28, Code of Federal Regulations, § 553.13 establishes a duty upon every employee of the Bureau of Prisons to exercise a degree of care in taking the involuntary control of Plaintiff's personal property and assures its return to Plaintiff." ECF Dkt. #19-1 at 2. Plaintiff alleged that Defendant Swiger did not follow standard practice of transporting his property to the SHU where he was housed, but instead, contrary to policy, delivered it to Defendant Jackson, who also failed to transport the property to Plaintiff's SHU area, contrary to policy, and "breached the implications" of 28 C.F.R. § 553.13 "by means confederation, scheme or artifice, depriving Plaintiff the permanent use or benefit thereof" and disposed of Plaintiff's property knowingly and intentionally. *Id.* at 2-3.

Plaintiff's supplemental fifth cause of action, labeled "(bailment)," avers that 28 C.F.R. § 553.13 "(a-i through v) establishes a bailment between Plaintiff and all Bureau of Prisons staff regarding the involuntary taking of control, custody and care of Plaintiff's personal property." ECF Dkt. #19-1 at 4. Plaintiff alleges that a constructive or implied-in-law bailment exists and Defendants, as bailees, knowingly and intentionally materially breached the bailment which deprived

5

him of the use or benefit of his personal property. *Id*. Plaintiff further alleges that Defendant Jackson destroyed or otherwise disposed of his property without preparing the requisite documents identifying the property or the reasons for such an action. *Id*.

In his sixth cause of action, labeled "(conspiracy)," Plaintiff alleges that Defendants conspired to permanently deprive him of the use or benefit of his property fully knowing that their acts or omissions would contravene statute and result in depriving him of the use or benefit of his property. ECF Dkt. #19-1 at 5.

Plaintiff also included a supplemental relief request, asking for declaratory relief that Defendants violated his rights under the Fourth, Fifth and/or Fourteenth Amendments of the United States Constitution, compensatory damages in the amount of $253.00, punitive damages in the amount of $1,000.00, and any other justifiable relief. ECF Dkt. #19-1 at 5-6.

On March 15, 2010, Defendants filed the instant motion for summary judgment. ECF Dkt. #41. On March 29, 2010, Plaintiff filed a response to the motion. ECF Dkt. #43. On April 14, 2010, Defendants filed a reply. ECF Dkt. #44.

## II.   STANDARD OF REVIEW

Rule 56(c) of the Federal Rules of Civil Procedure governs summary judgment motions and provides, in pertinent part:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

FED. R. CIV. P. 56(C). The party moving for summary judgment bears the initial burden of informing the Court of the basis for the motion, and must identify the portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it

6

believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett* 477 U.S. 317, 323 (1986). This initial burden can be discharged by the moving party if he shows that the nonmoving party has failed to establish an essential element of the nonmoving party's case for which he bears the ultimate burden of proof at trial. *See id.; Morales v. American Honda Motor Co., Inc.,* 71 F.3d 531, 535 (6th Cir. 1995). The evidence submitted must be viewed in a light most favorable to the nonmoving party to determine whether a genuine issue of material fact exists. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970).

If the moving party meets his burden on summary judgment, then the nonmoving party must take affirmative steps to avoid the entry of a summary judgment. *See* Fed.R.Civ.P. 56(e). The nonmoving party must present additional evidence beyond the pleadings. *See id.* The nonmoving party must do this by presenting more than a scintilla of evidence in support of his or her position. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Summary judgment must be granted unless sufficient evidence exists that favors the nonmoving party such that a judge or jury could reasonably return a verdict for that party. *See id.* at 249. The Court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* If a party fails to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial," then the Court is required to enter summary judgment. *Celotex Corp.*, 477 U.S. at 322.

**III.** **LAW AND ANALYSIS**

The undersigned seeks to first clarify two outstanding procedural issues in this case. First, the undersigned notes that while the Court adopted the Magistrate Judge Gallas' First and Second Interim R&Rs recommending that Plaintiff be given time in which to file an *amended* complaint, the

Court granted Plaintiff's motion for leave in which to file a first supplemental complaint and he filed a first supplemental complaint. ECF Dkt. #s 16, 19, 20. Moreover, the Court adopted Magistrate Judge Gallas' First Interim R&R, but held Defendants' motion to dismiss Plaintiff's original complaint in abeyance pending Plaintiff's filing of an amended complaint. ECF Dkt. #16 at 2. Although the Court held Defendants' motion to dismiss in abeyance, the docket reflects a utility event on September 23, 2009 terminating the motion to dismiss based upon the fact that Plaintiff had filed his first supplemental complaint. *See* 9/22/2009 Dkt. Entry. The motion should have been pending until the Court ruled on the motion. *Id*.

In order to ensure finality with regard to the claims presented in Plaintiff's original complaint, the undersigned recommends that the Court adopt the law and analysis presented by Magistrate Judge Gallas in the First Interim R&R finding that Plaintiff's original complaint claims under the FTCA were barred by sovereign immunity under 28 U.S.C. § 2680(c), as held in *Ali*. ECF Dkt. #15. Magistrate Judge Gallas thoroughly addressed all of Plaintiff's arguments supporting his claims against the motion to dismiss, discussed and applied *Ali* and 28 U.S.C. § 2680(c), and rejected Plaintiff's assertions. *Id*.

With the claims in his original complaint properly addressed, the undersigned moves to the claims presented in Plaintiff's first supplemental complaint and the instant motion for summary judgment.

Defendant first asserts that Plaintiff has not exhausted his administrative remedies with regard to the claims that he presents in his first supplemental complaint. ECF Dkt. #41-1. Defendants assert that the method for exhausting *Bivens* claims is different from that for exhausting claims pursuant to the FTCA and Plaintiff has not exhausted his administrative remedies in order

8

to proceed with his *Bivens* claims in this Court. The undersigned agrees and recommends that the Court grant Defendants' motion for summary judgment against Defendants Swiger and Jackson in their individual capacities because Plaintiff has not exhausted his administrative remedies as to his *Bivens* claims against them.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner must exhaust administrative remedies before he may sue in federal court, whether the cause of action is based upon prison conditions under 42 U.S.C. § 1983 or any other federal law. 42 U.S.C. § 1997e(a). Exhaustion under the PLRA is mandatory. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The administrative process for filing a FTCA claim is different than that for filing a *Bivens* claim and a prisoner's attempts to pursue a FTCA claim "have no bearing on whether or not he exhausted his *Bivens* claim." *Brockett v. Parks*, 48 Fed. App'x 539, 541, 2002 WL 31260347 (6th Cir. Oct. 8, 2002), unpublished.

Before filing a cause of action in this Court under the FTCA, a prisoner must meet the presentment requirement of 28 U.S.C. § 2675(a) by filing a Standard Form 95 or other written notification of an incident with the regional office of the BOP in the region where the tort occurred. 28 U.S.C. §§ 14.2, 543.31, 543.32; *see also Conn v. U.S.*, 867 F.2d 916, 918 (6th Cir. 1989). The administrative process is completed upon the BOP's denial of the claim. 28 U.S.C. § 543.30 *et seq*.

Before filing a complaint in this Court pursuant to *Bivens*, a prisoner must follow 28 C.F.R. § 542.10, *et seq*. That process requires the prisoner to first pursue informal resolution before filing a formal grievance. 28 C.F.R. § 524.13. If the prisoner's complaint is not informally resolved, he must then complain in writing via an Administrative Remedy Request to the warden within twenty days of the incident and the warden will issue a written response. 28 C.F.R. § 542.14. If dissatisfied

with the response, a prisoner may then appeal to the Regional Director of the BOP. 28 C.F.R. § 542.15. If not satisfied with the Regional Director's response, the prisoner may thereafter appeal to the National Inmate Appeals Administrator for the Office of General Counsel. *Id.* A prisoner has exhausted the administrative process for pursuing a *Bivens* claim when he has pursued his appeal to the National Inmate Coordinator for the Office of General Counsel. *Id.*

Defendants contend that Plaintiff has not exhausted his administrative remedies with regard to his *Bivens* claims and thus he cannot proceed with the claims in his first supplemental complaint before this Court. ECF Dkt. #41-1 at 6. Plaintiff does not deny that he has not filed an administrative remedy pursuant to 28 C.F.R. § 542.10, et seq. with regard to his *Bivens* claims. Nor does Plaintiff include any evidence in response to the motion for summary judgment showing that he has exhausted those claims. Rather, Plaintiff contends that Defendants' "exhaustion defense" does not entitle them to summary judgment because they never asserted exhaustion as a defense in their answer and because exhaustion is not a means to gain "summary disposition." ECF Dkt. #43 at 2, citing *Jones v. Bock*, 549 U.S. 199 (2007) and *Cohen v. Corrections Corporation of America*, 588 F.3d 299 (6th Cir. 2008) in support.

In *Jones v. Bock*, the United States Supreme Court overturned three specific rules imposed by the Sixth Circuit Court of Appeals on prisoners under the exhaustion requirement of the PLRA. 549 U.S. 199. The Court held that: (1) "failure to exhaust is an affirmative defense under the PLRA, and [that] inmates are not required to specially plead or demonstrate exhaustion in their complaints"; (2) while the PLRA required exhaustion of administrative remedies, "nothing in the statute imposes a 'name all defendants' requirement along the lines of the Sixth Circuit's judicially created rule"; and (3) a prisoner's complaint cannot be dismissed in its entirety when only some, but not all, of his

10

claims are unexhausted. *Id*. at 919-924.

Although *Jones* held that an inmate is not required to plead and prove exhaustion, Section 1997e(a) of Title 42 unequivocally requires an inmate to exhaust all administrative remedies before filing a lawsuit charging a violation of civil rights. *See* 42 U.S.C. § 1997e(a). *Jones* did not remove the exhaustion requirement, but held that it is the defendant's burden to plead and prove a lack of exhaustion. Defendants contend that they raised Plaintiff's failure to exhaust administrative remedies in their answer to the first supplemental complaint because they asserted that this Court lacked subject matter jurisdiction over Plaintiff's claims. ECF Dkt. #44 at 1, citing ECF Dkt. #23. However, failure to exhaust administrative remedies under the PLRA is not a jurisdictional issue. S*ee Benavidez v. Stansberry*, No. 4:07CV3334, 2008 WL 4279559, at \*7-8 (N.D. Ohio Sept. 12, 2008), unpublished. Thus, Defendants are incorrect that pleading a lack of subject matter jurisdiction equated to pleading failure to exhaust administrative remedies.

Despite Defendants failure to plead Plaintiff's failure to exhaust administrative remedies in their answer to the first supplemental complaint, the undersigned nevertheless recommends that the Court grant Defendants' motion for summary judgment based upon Plaintiff's failure to exhaust those administrative remedies. It is a general rule that the failure to plead an affirmative defense results in a waiver of that defense. *Old Line Life Ins. Co. of America v. Garcia*, 418 F.3d 546, 550 (6th Cir. 2005). However, failure to plead an affirmative defense does not always result in its waiver, especially when the responding party has an opportunity to respond to the affirmative defense and is not prejudiced by it. *Id.*; *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997)(failure to raise affirmative defense until second motion for summary judgment did not result in waiver of defense because no unfair surprise or prejudice occurred and purpose of Rule 8(c) of Federal Rules of Civil

Procedure still met as party given notice of the defense and had opportunity to respond); *Braswell v. Corrections Corp. of America*, 2009 WL 2447614, at *11 (M.D. Tenn. Aug. 10, 2009), unpublished (Defendant did not waive affirmative defense of Plaintiff's failure to exhaust as required under PLRA because it was raised in initial motion to dismiss).

Here, Plaintiff suffers no prejudice from Defendants raising the failure to exhaust defense at this juncture since he had an opportunity to respond and did so. Plaintiff does not assert unfair surprise or prejudice due to Defendants' raising of his failure to exhaust. And nowhere does Plaintiff show that he has exhausted his administrative remedies with regard to the *Bivens* claims that he asserts in his first supplemental complaint. He therefore fails to meet his reciprocal burden on summary judgment.

Regarding Plaintiff's assertion that failure to exhaust administrative remedies is not proper on summary judgment, this Court has held otherwise. *See Aguirre v. Corrections Corp. of America*, No. 4:08-cv-2365, 2009 WL 2423702, at *4 (N.D. Ohio Aug. 3, 2009)(while failure to exhaust is not proper for dismissal under Rule 12(b) of Federal Rules of Civil Procedure, "a court is well within its purview to find that no genuine issue of material fact exists as to the inmate's failure to fulfill a procedural requirement such as the exhaustion of administrative remedies."); *Benavidez v. Stansberry,* No. 4:07CV3334, 2008 WL 4279559 (N.D. Ohio Sept. 12, 2008), unpublished (discussing how failure to exhaust under the PLRA is appropriate in motion for summary judgment). Since the Federal Civil Rule governing summary judgment, Rule 56(c) of the Federal Rules of Civil Procedure, does not state that the movant must show that he is entitled to a judgment *on the merits* as a matter of law. "[I]t is possible that, upon consideration of the available evidence, a court can find that no genuine issue of material fact exists as to a procedural requirement of the claim, such

as exhaustion of administrative remedies." *Benavidez*, 2008 WL 4279559, at *7.

For these reasons, the undersigned recommends that the Court GRANT Defendants' motion for summary judgment and dismiss Plaintiff's first supplemental complaint against them in their individual capacities due to Plaintiff's failure to exhaust his administrative remedies with regard to the *Bivens* claims that he presents. ECF Dkt. #41.

As a technical matter, the undersigned calls the Court's attention to Rule 12(b) of the Federal Rule of Civil Procedure, which requires that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required." Fed. R. Civ. P. 12(b). As the undersigned noted above, Defendants' assertion of a jurisdictional affirmative defense did not equate to a failure to exhaust defense. Thus, the Court must consider whether it is appropriate to amend the answer in order to include a failure to exhaust defense prior to entering judgment in favor of Defendants. "[A] party's motion for summary judgment may be regarded as a motion to amend its pleadings under Rule 15(a) of the Federal Rules of Civil Procedure if the party asserts an unpleaded affirmative defense." *Royal Ins. Co. of America v. DHL*, No. 98 Civ. 3743 (RPP), 1999 WL 494118, at *4 (S.D.N.Y. July 13, 1999), unpublished (collecting cases). The Sixth Circuit Court of Appeals has held that it is in the court's discretion to grant an amendment of an answer after a summary judgment motion is filed when the nonmoving party had notice of the defense and an opportunity to respond. *Seals v. General Motors Corp.*, 546 F.3d 766, 770-771 (6th Cir. 2008). "[D]elay alone is insufficient reason to deny a motion to amend. Rather, the critical factors are notice and substantial prejudice." *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980), citing *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Here, as explained above, Plaintiff had notice that Defendants intended to assert his failure

to exhaust his administrative remedies by the summary judgment motion itself.  Plaintiff had an opportunity to respond to the motion and in fact did so.  Plaintiff suffered no prejudice in his ability to respond to this defense.

This leaves remaining Plaintiff's *Bivens* claims against Defendants Swiger and Jackson in their official capacities.  ECF Dkt. #21 at 1.  The undersigned recommends that the Court GRANT summary judgment in favor of Defendants as to these claims because an action against prison officials in their official capacities constitutes an action against the United States and such claims are  barred by sovereign immunity. *See Fagan v. Luttrell*, No. 97-6333, 2000 WL 876775 (6th Cir. June 22, 2000), unpublished.  "The United States has not waived its immunity to suit in a *Bivens* action." *Id.*, citing to *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989).

## IV.	CONCLUSION AND RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the Court adopt the law and analysis presented by Magistrate Judge Gallas in the First Interim R&R finding that Plaintiff's original complaint claims under the FTCA were barred by sovereign immunity under 28 U.S.C. § 2680(c), as held in *Ali*.   ECF Dkt. #15.  Since the Court held in abeyance Defendants' motion to dismiss and Plaintiff filed a supplemental complaint as opposed to an amended complaint, adopting Magistrate Judge Gallas' First Interim Report and Recommendation as to Plaintiff's original complaint claims would ensure finality with regard to the claims presented in that complaint.

Further, for the reasons presented above, the undersigned recommends that the Court GRANT Defendants' motion for summary judgment (ECF Dkt. #41) and dismiss Plaintiff's first

supplemental complaint in its entirety without prejudice (ECF Dkt. #21) based upon his failure to administratively exhaust his *Bivens* claims.


                                                        <u>s/George J. Limbert   10/14/2010</u>
                                                        GEORGE J. LIMBERT
                                                        U.S. MAGISTRATE JUDGE


     ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice. Fed. R. Civ. P. 72; L.R. 72.3. Failure to file objections within the specified time may constitute a WAIVER of the right to appeal the Magistrate Judge's recommendation. L.R. 72.3(b).