**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DANIEL STORM | ) | CASE NO. 4:08 CV 1690 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| vs. | ) | |
| BUREAU OF PRISONS, et al. | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Defendants. | ) | **ORDER** |

This action is before the Court upon objections filed by Plaintiff, Daniel Storm, asserting error in the Report and Recommendation ("the Report") of Magistrate Judge George Limbert (Doc. 51). Upon due consideration, the Court overrules the objections and adopts the Report and Recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the complaint is hereby DISMISSED.

**I.     Procedural History**

Magistrate Judge Limbert fully stated the relevant facts in his Report and Recommendation. This Court summarizes the facts as follows:  On July 2, 2008, Storm, an inmate at Elkton Federal Correctional Institution, filed a pro se complaint pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671.  In his complaint, Storm alleged that while in administrative segregation at the Special Housing Unit, Defendant Heide Swiger, a correctional officer, took some of his personal property.  He asserted that Swiger inventoried the items on a Form 40 inventory form under Storm's name and prison number.  Storm further alleged that Swiger transferred the items to

1

Defendant Raymond Jackson, a prison lieutenant.  Storm asserted that Jackson did not complete a "confiscation form" which would have informed him that Jackson was in possession of his property.  Upon release from the Special Housing Unit, Storm was given the Form 40.  Storm alleges that when he asked for the return of his property, he was informed that it was given to other prisoners.

Storm averred that he had filed an administrative tort claim with the BOP that was denied on June 13, 2008, and therefore he had exhausted his administrative remedies.  Storm alleged a breach of the duty of care regarding his personal property, failure to follow procedure, and negligence/deliberate indifference.  He requested compensatory damages in the amount of $253.00, costs and fees from the suit, and any further relief to which he was entitled.

On January 23, 2009, Defendants filed a motion to dismiss the complaint.  On April 29, 2009, the Honorable Peter Economus adopted an Interim Report and Recommendation, recommending that Storm be given time to amend his complaint to provide a jurisdictional statement based upon a theory other than the FTCA because this claim was barred by sovereign immunity.  Magistrate Judge Gallas outlined other potential avenues for relief, including an action pursuant to *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971) or a Little Tucker Act claim pursuant to 28 U.S.C. §1346(a)(2).  In his order adopting the First Interim Report and Recommendation, Judge Economus held Defendants' motion to dismiss in abeyance and ordered Storm to amend his complaint.

On June 2, 2009, Magistrate Judge Gallas issued a Second Interim Report and Recommendation, acknowledging receipt of a letter from Storm.  However, Magistrate Judge Gallas noted that Storm did not indicate the new jurisdictional statement based upon a theory other than the FTCA.  He again recommended allowing Storm 30 days to amend his complaint.

2

On June 15, 2009, Storm filed a motion for leave to file a "first supplemental complaint." In the "parties" section of the supplemental complaint, Storm asserted that he was suing Defendants Swiger and Jackson in their individual and official capacities, "while acting under color of law or right." The footnote accompanying this statement cites to *Bivens*. Storm further incorporated by reference the claims he asserted in his original complaint. On March 15, 2010, Defendants filed their motion for summary judgment. Storm responded and Defendants replied. Magistrate Judge Limbert concluded that Storm failed to administratively exhaust his *Bivens* claims, and therefore recommended that this Court dismiss Storm's original complaint based upon the FTCA and grant Defendant's motion for summary judgment and dismiss Storms supplemental complaint in its entirety.

Storm timely filed objections to the report. He argued that he properly exhausted his administrative remedies pursuant to the FTCA and that he could not exhaust his administrative remedies because the time had tolled and because he was no longer in prison. He further asserts that this Court should not overlook the Government's failure to assert the affirmative defense of his failure to exhaust his administrative remedies in its answer to his supplemental complaint. The Court finds no merit in Storm's objections.

## II. Legal Standard

Where objections are made to a magistrate judge's Report and Recommendation, this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b). The Court has reviewed *de novo* the Report and Recommendation as it relates to Storm's objections. The objections lack merit.

**III.     Analysis**

Initially, this Court fully adopts the law and analysis presented by Magistrate Judge Gallas in his First Interim Report and Recommendation, in which he concluded that Storm's original complaint claims pursuant to the FTCA were barred by sovereign immunity.  While Judge Economus adopted this decision, he held the Defendants' motion to dismiss on this ground in abeyance for Storm to amend his complaint.  Rather than amend his complaint, Storm *supplemented* his original complaint.  Thus, his claims under the FTCA are still pending.  Storm did not object to the First Interim Report and Recommendation.  Accordingly, his claims in his original complaint, pursuant to the FTCA, are dismissed.

This Court next turns to Storm's claims pursuant to *Bivens* as stated in his supplemental complaint. Notably, Storm does not object to Magistrate Judge Limbert's conclusion that he did indeed fail to exhaust his administrative remedies prior to filing the instant suit.  The exhaustion requirement of the FTCA and of *Bivens* are separate and distinct.  *Brockett v. Parks*, 48 Fed. Appx. 539, 540-41 (6th Cir. 2002).  Therefore, any contention that his failure to exhaust his administrative remedies pursuant to *Bivens* is excused because he exhausted his administrative remedies pursuant to the FTCA is without merit.

Next, Storm contends that he cannot exhaust his administrative remedies because he is no longer in prison.  This argument is without merit as the administrative remedies were required to be exhausted prior to filing his complaint with this Court.  At the time Storm filed his complaint, he was in prison.

Finally, Storm argues that this Court should not overlook the Government's failure to assert in its answer the affirmative defense of failure to exhaust his administrative remedies.  The Government's failure to plead an affirmative offense does not necessarily result in the waiver of

the defense. *Smith v. Sushka*, 117 F.3d 965, 969 (6th Cir. 1997). A Court should consider the unique facts and circumstances of a case to determine if it would be appropriate to consider an improperly plead affirmative defense. *Old Line Life Ins. Co. of America v. Garcia*, 418 F.3d 546, 550(6th Cir. 2005). "The Supreme Court has held that the purpose of Rule 8(c) is to give the opposing party notice of the affirmative defense and a chance to rebut it." *Moore, Owen, Thomas & Co. v. Coffey*, 992 F.2d 1439, 1445 (6th Cir. 1993) (citing *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 350 (1971)). If, through means other than the pleadings, the plaintiff receives notice of the affirmative defense, then he is not prejudiced by the defendants failure to comply with Rule 8(c). *Coffey*, supra (quoting *Grant v. Preferred Research, Inc*., 885 F.2d 795, 797 (11th Cir. 1989)). In the instant case, Defendants raised Storm's failure to exhaust in their motion for summary judgment. Storm was given the opportunity to respond to this argument and did so in his response to Defendants' motion for summary judgment. Therefore, Storm was not prejudiced with the Government's failure to comply with Rule 8(c).

Lastly, Magistrate Judge Limbert liberally read Storm's supplemental complaint to include a properly pled *Bivens* claim. Storm's complaint, however, simply cites to *Bivens* in a footnote. He does not assert in his claims that Defendants violated his constitutional rights. Because Magistrate Judge Limbert overlooked this failing and construed Storms claims as properly pled, this Court is similarly willing to overlook the Government's failure to properly assert its affirmative defense in its answer. Accordingly, Storm's objections on this issue are overruled.

**IV.	Conclusion**

The Court hereby ADOPTS the Report and Recommendation in its entirety. Storm's objections are overruled and the Defendants' motion for summary judgment is granted. Storm's complaint is dismissed.


	IT IS SO ORDERED.


	November 5, 2010				/s/ John R. Adams
							JUDGE JOHN R. ADAMS
							UNITED STATES DISTRICT COURT